■ JEROME BIALICK et al., Appellants, v MARTIN B. CAMINS, Defendant, and THE MOUNT SINAI HOSPITAL, Respondent. [22 NYS3d 440]—

Order, Supreme Court, New York County (George J. Silver, J.), entered December 23, 2014, which granted defendant Mount Sinai Hospital's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

In this medical malpractice action, plaintiffs allege that plaintiff Jerome Bialick sustained personal injuries as a result of being malpositioned during a multi-level laminectomy performed by defendant Martin Camins, his private attending physician, at defendant Mt. Sinai Hospital. Plaintiffs maintain, inter alia, that Mt. Sinai's staff performed independent acts of negligence in applying excessive tension to the tape used in positioning and securing Mr. Bialick to the operating room table.

Mt. Sinai established prima facie, via deposition transcripts and an expert affirmation, that its staff members were working under Dr. Camins's supervision and carrying out his orders as to the positioning and securing of plaintiff. As these acts were performed to Dr. Camins's satisfaction and did not involve the exercise of independent medical judgment, any excessive tension that was applied does not constitute an "independent" act of negligence for which the hospital may be held liable (*see Cunningham v St. Barnabas Hosp.*, 36 AD3d 567 [1st Dept 2007]; *cf. Toth v Community Hosp. at Glen Cove*, 22 NY2d 255,

265 [1968] [hospital may be found liable for nurses' negligence in failing to follow pediatrician's explicit orders as to amount of oxygen to be given infants]).

In opposition, plaintiffs failed to raise a triable issue of fact. Indeed, plaintiffs' expert admitted that "it is [Dr. Camins's] job to make sure the taping procedure is performed properly without undue tension." Concur—Renwick, J.P., Andrias, Saxe and Moskowitz, JJ.